IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| v. | ) Criminal No. 13-288 |
| MARVIN DARNELL TYMOUS | ) |

## MEMORANDUM ORDER

Pending before the Court is the MOTION FOR REDUCTION IN SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) filed, *pro se*, by Defendant, Marvin Darnell Tymous. (ECF No. 83). Tymous seeks a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines, which enacted a 2-level reduction in all offense levels found in § 2D1.1 and § 2D1.11 of the Guidelines, effective November 1, 2014. The Government opposes Tymous's motion. (ECF No. 89).

Tymous was indicted in 2013 for Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms of Cocaine, in violation of 21 U.S.C. § 846, and Possession of a Firearm by a Convicted Felon, in violation of 21 U.S.C. § 922(g)(1). He entered into a plea agreement with the Government under Federal Rule of Criminal Procedure 11(c)(1)C), whereby he agreed to plead guilty to both counts of the indictment. In exchange, the Government agreed, *inter alia*, not to file an information stating prior convictions under 21 U.S.C. § 851. The parties further agreed that 180 months' imprisonment was an appropriate sentence in this case. As the Court explained at the sentencing hearing, the agreed-upon sentence was lower than the sentence called for by the Guidelines (262-327 months). Nevertheless, the Court accepted the plea agreement and sentenced Tymous to 180 months in prison.

Generally, "[t]he court may not modify a term of imprisonment once it has been

1

imposed[.]" 18 U.S.C. § 3582(c). There are, however, a few narrow exceptions to this rule of finality. As relevant here, the court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment ***based on*** a sentence range that has been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(2) (emphasis added). In *Freeman v. United States*, ---U.S. ----, 131 S. Ct. 2685, 2697–98 (2011), the United States Supreme Court "considered what a defendant's sentence was 'based on' for purposes of 18 U.S.C. § 3582(c)(2) when that defendant pled guilty pursuant to a (C) plea agreement." *United States v. Weatherspoon*, 696 F.3d 416, 422 (3d Cir. 2012). Justice Sotomayor's concurrence in *Freeman* controls the resolution of this issue. *Id.* According to Justice Sotomayor, most often, "the sentence such a defendant receives is 'based on' the agreement itself, not on the district court's analysis or application of the sentencing Guidelines." *Id.* (citing *Freeman*, 131 S. Ct. at 2695). Although Justice Sotomayor did not categorically bar defendants who plead guilty pursuant to a (C) plea agreement to seek relief from § 3582(c)(2), she identified "only two situations" when that is possible:

> First, when the defendant's agreement "call[s] for the defendant to be sentenced within a particular Guideline[s] sentencing range," "there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range." *Freeman*, 131 S. Ct. at 2697. Second, when the defendant's agreement "provide[s] for a specific term of imprisonment – such as a number of months" the sentence is "based on" a Guidelines range when the agreement "make[s] clear" that the foundation for the agreed-upon sentence was the Guidelines. *Id.*

*Id.* at 422-23.

Tymous falls into Justice Sotomayor's second category since his plea agreement called for a specific term of imprisonment. "Thus, to be eligible for relief under 18 U.S.C. §

3582(c)(2)," Tymous "must show that his agreement both identifies a Guidelines range and demonstrates a sufficient link between that range and the recommended sentence." *Id.* (citing *Freeman*, 131 S. Ct. at 2697–98 (2011); *United States v. Dixon*, 687 F.3d 356, 360 (7th Cir. 2012)). The Court concludes that Tymous has failed to make the requisite showing, for it is anything but clear that the Guidelines were the foundation for the agreed-upon sentence he eventually received. As in *Witherspoon*, the agreement here "does not in any way identify or rely on [Tymous's] Guidelines range. In fact, the agreement is silent as to his range." *Id.* As a result, there is no way for the Court to discern, from the "four corners of the plea agreement," whether there was any link between the Guidelines range of 262-327 months and the agreed-upon sentence of 180 months. *Id.* Indeed, since the Guidelines range actually exceeded the sentence Tymous received, the Guidelines range seemingly played no part in arriving at the agreed-upon sentence. Other considerations, such as the mandatory minimum sentence that would have applied had the Government filed a § 851 information, likely drove the negotiations. Thus, Tymous's claim fails under *Freeman*, and his motion is **DENIED**.

**IT IS SO ORDERED**, this 1st day of October, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Marvin Darnell Tymous**
USMS 06621-068
FCI Fort Dix
PO Box 2000
Fort Dix, NJ 08640-5433
(via First Class U.S. Mail)

**Jonathan B. Ortiz, Esq.**
Email: jonathan.ortiz2@usdoj.gov

**Cindy K. Chung, Esq.**
Email: cindy.chung2@usdoj.gov

**Troy Rivetti, Esq.**
Email: Troy.Rivetti@usdoj.gov